UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.

JUAN FUNES



## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, JUAN FUNES, have reached the following agreement.

1. Defendant's Obligations

    a. Defendant will waive Indictment and plead guilty to a two Count Information charging him with possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1); and being in possession of a firearm after a misdemeanor conviction of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2) (Count 2). Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

    b. The United States and Defendant hereby agree that the Para Ordinance, .45 caliber pistol, serial number P131998, and an Iver Johnson, .30 caliber M1 rifle, serial number AA21832, which are firearms as defined in 18 U.S.C. § 921, seized from

Defendant and currently in the custody and/or control of the United States, was properly seized and was involved in or used in a violation of 18 U.S.C. §§ 921(g)(9) and 924(a)(1) to which Defendant has pled guilty. Defendant agrees that the firearm is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924. Defendant hereby relinquishes to the United States of America any claim, title and interest Defendant has in said firearm.

Defendant further states that Defendant is the sole and rightful owner of said firearm and agrees to withdraw any claim made in any civil, administrative or judicial forfeiture brought against said firearm and further agrees not to oppose any civil, administrative or judicial forfeiture of said firearm.

   2.   <u>Government's Obligations</u>

      In exchange for Defendant's plea of guilty:

   a.   The government will recommend that the Court impose a term of imprisonment at the low end of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines. The defendant will join in this recommendation at the time of sentencing.

b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e. If the defendant pleads guilty and signs the plea agreement and is sentenced in this case, the United States will not bring a charge or charges pursuant to 18 U.S.C. §924(c) for the use and carry of a firearm during and in relation to a drug trafficking crime.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the

guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

    4. The parties hereby stipulate to the following:

        a. The defendant possessed with intent to distribute 122.1 net grams of heroin.

        b. The defendant is responsible for a further 93.52 grams of heroin which is derived by taking the seized proceeds of his heroin sales in the amount of $11,691.00 and dividing it by the per gram cost of heroin of approximately $125.00. The total net weight the defendant is responsible for is 215.62 grams of heroin.

        c. The defendant possessed two firearms in connection with his drug trafficking offense and following his misdemeanor conviction for domestic violence. The weapons are further and accurately described in Count II of the Information.

        d. The defendant agrees that he has previously been convicted of a misdemeanor crime of domestic violence as defined in 18 U.S.C. § 921(33)(A).

    5. The maximum statutory penalties for the offenses to which Defendant is pleading are as follows:

<u>Count One</u> (Possession with intent to distribute Heroin):

a. 5 years to 40 years imprisonment;

b. a fine of up to $2,000,000;

c. a term of supervised release of up to life; and

d. a mandatory special assessment of $100.00.

<u>Count Two</u> (Possession of a Firearm Following a Misdemeanor Conviction for Domestic Violence):

a. 10 years imprisonment;

b. a fine of up to $250,000;

c. a term of supervised release of up to 3 years; and

d. a mandatory special assessment of $100.00

If imposed consecutively:

a. 5 years to 45 years imprisonment;

b. $2,250,000 fine;

c. Lifetime of supervised release; and

d. $200 mandatory special assessment.

6. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

7. Defendant is advised and understands that:

   a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

   b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

   c. Defendant has the right to a jury trial;

   d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

   e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

   f. Defendant waives these trial rights if the Court accepts a plea of guilty.

   g. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable or deportable offenses. Indeed, because defendant is pleading guilty to Removal, deportation and other immigration consequences are the subject of separate proceedings, however, and defendant understands that

no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

8. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

9. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the joint sentencing recommendation. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

10. Defendant hereby waives Defendant's right to appeal his conviction and sentence, if the sentence imposed by the Court is within the guideline range determined by the Court or lower or the

mandatory minimum sentence applicable by statute. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

11. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

12. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

13. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

14. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained

it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

15. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____  
JUAN FUNES  
Defendant

5/3/11  
Date

_____  
ROBERT D. WATT, JR.  
Counsel for Defendant

5/3/11  
Date

_____  
RICHARD W. ROSE  
Assistant U.S. Attorney

5/4/11  
Date

_____  
STEPHEN G. DAMBRUCH  
Assistant U.S. Attorney  
Criminal Chief

05/03/2011  
Date

9