UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA)
                        )
VS                      )                11-00080-01S
                        )
JUAN FUNES              )

MOTION FOR A VARIANT SENTENCE
WITH INCORPORATED MEMORANDUM OF LAW

Now comes the Defendant, JUAN FUNES, and moves this Honorable Court to impose the minimum mandatory sentence on Count I of 5 years incarceration as the total sentence in the within case.  Such a sentence would vary, slightly, from the total computation of the United States Sentencing Buidelines, but would be consistent with the dictates of 18 USC Section 3553(a) as applied to the within case.

I.  Statutory Framework.

After United States v Booker, 125 S.Ct. 738 (2005), the factors to be considered in a Court's fashioning of a sentence are those factors set forth in 18 U.S.C. 355(a)(1) through (7).  While the applicable guidelines are a factor, a sentence is not required to be imposed within the guideline range.  Rather, the operative language contained in the above 18 U.S.C. 3553(a) states that "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The purposes of sentencing include an evaluation of the need for the sentence imposed to:

> (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (b) afford adequate deterrence to criminal conduct;
> (c) protect the public from further crimes of the defendant; and
> (d) provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In short, the guidelines are advisory and the Court has wide discretion to fashion a just sentence.  United States v Thurston, 544 F.3d 22 (1st Cir., 2008).

2.

## II.  Guidelines.

A.  Criminal History.  Section 4.A.1.3(b) of the United States Sentencing Guidelines relates to downward departures in the context of an overstated criminal history.  It states that if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

It is submitted to the Court that such section permits in the within case a downward departure for the following reasons:

    a. Juan Funes' health and strong family ties;
    b. Juan Funes complete and immediate acceptance of responsibility upon his arrest;
    c. The age at which the first of his criminal history incidents occurred, 29 nigh on 30;
    d. The context of the criminal cases within a paradigm of ever increasing alcoholism;
    e. Juan Funes' participation in the Kent House Rehabilitation clinic and participation in the Rhode Island Drug Court program;
    f. The counting of commission while on probation which was extended due to inability to complete the domestic violence classes in which he lacked some 5 out of 21 classes;
    g. The time that Juan Funes spent in State custody prior to coming into Federal custody on the within charge.

## III.  Consideration of 18 USC §3553(a) Weighs in Favor of Variance.

A.  Defendant's History and Characteristics.

Juan Funes has three minor children, boys, of relatively young age, all of whom love and related well to their father.  Juan Funes himself did not experience such an upbringing with his own father.  Juan Funes had significant gainful employment for many years, was educated through the college level, served military service, and raised and supported his children without public assistance.

Juan Funes suffered and continues to suffer from the disease of alcoholism. The spiral of ever-increasing alcohol usage destroyed his employment and his marriage.  His alcoholism almost took his life with repeated hospitalizations one of which was nearly fatal.

3.

Juan Funes completed a residential alcohol program.

B.  <u>Seriousness of Offense, Need for Deterrence</u>.

The offenses herein, drugs and guns, is extremely serious. The unalloyed gestational circumstances arose out of an individual who participated with Juan Funes in alcohol rehabilitation and who was a repeating drug offender who was able to convince Juan Funes to make some money in drugs. The repeat offender was himself arrested and Juan Funes was left with the stash house role and with the guns. Importantly, Juan Funes and his family were subjected to a home invasion by other individuals specifically looking for and taking drugs and money. Far from being a successful investory in the drug trade, Juan Funes was in so deep, so quickly, that his belief that he could make money and reestablish himself economically was impossible. The offense conduct was serious. Juan Funes acceptance and admission of responsibility was immediate.

C.  <u>Need for Treatment</u>.

Juan Funes has a series of serious medical conditions, including, his liver, his throat, and other ailments. He is alive. Need for treatment is ongoing. His treatment was provided on an ongoing basis prior to his arrest.

D.  <u>Need for Education/Vocational Training</u>.

Juan Funes has a university degree.

IV.  <u>Sentencing Recommendation of Defense Counsel</u>

In light of the foregoing, defense counsel urges the Court to impose the minimum mandatory sentence of 5 years. It is submitted that such a sentence in this case, would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

4.

JUAN FUNES
by his attorney,

Robert D. Watt Jr.
84 Ship Street
Providence, Rhode Island 02903
401-861-8810
wattesq@aol.com

October 27, 2011

## CERTIFICATION

I hereby certify that I did on the 27th day of October 2011 serve Richard Rose, Esq., Assistant United States Attorney, by the filing of the within on the Court ECF electronic filing system.